Jerald M. Reichlin
Law Office of Jerald M. Reichlin, P.C.
310 K Street Suite 200
Anchorage, Alaska 99501
Alaska Bar Number 8411135
Phone 907-264-6726
Fax 907-264-6602
e-mail reichlinlaw@gci.net

Attorney for Plaintiff, O'Hara Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| O'HARA CORPORATION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GEORGE LOPEZ, and ) <br> ADAK LOGISTICS, LLC, ) <br> ) <br> Defendants. ) | Civil Action No. 3:18-cv-_____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

1. For their Complaint against Defendants George Lopez and Adak Logistics, LLC (collectively "Defendants"), Plaintiff O'Hara Corporation ("O'Hara" or "Plaintiffs"), by their attorneys, allege as follows:

**NATURE OF THE ACTION**

2. The action arises as a result of Defendants' breach of implied contract and tortious conversion of O'Hara's monetary funds within this judicial district. Plaintiff seeks damages for Defendants' breach, conversion, and other wrongful conduct, enhancement of damages due to Defendants' willful and knowing tortious actions, reasonable attorney's fees and costs, and other appropriate relief.

## THE PARTIES

3. Plaintiff O'Hara Corporation is a corporation organized and existing under the laws of the State of Maine with a principal place of business at 120 Tillson Avenue, Ste. 1, Rockland, Maine 04841.

4. Upon information and belief, Defendant Adak Logistics, LLC is a limited liability company organized and existing under the laws of the State of Alaska with a principal place of business at 210 B Kuluk, Adak, Alaska 99546-0000.

5. Upon information and belief, Defendant George Lopez is a Manager of Adak Logistics, LLC, and resides at 210 B Umak Circle, Adak, Alaska 99546.

## JURISDICTION AND VENUE

6. This is a civil action for breach of implied contract and tortious conversion under the laws of the United States and the State of Alaska. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332, as diversity exists between these parties and the amount in controversy is in excess of $75,000.

7. Defendants are subject to personal jurisdiction in this judicial district for one or more of the following reasons:

   a. The exercise of personal jurisdiction over Defendants by this Court is consistent with the Federal Due Process Clause since Defendants have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice;

   b. Upon information and belief, Defendants either directly or through its agents, regularly transact and/or solicit business in this judicial district and throughout the United States;

c. Upon information and belief, Defendants have directed goods, services, and advertising by mail, electronic communications, and other means into the State of Alaska, including in this judicial district; and

d. Defendants have committed tortious injury to Plaintiffs' business operations within this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because, upon information and belief, Defendants have transacted business within this judicial district. Additionally, venue is also proper because Plaintiffs have suffered and are continuing to suffer harm within this judicial district due to Defendants' continued breach and tortious actions.

## BACKGROUND

9. O'Hara owns and operates fishing vessels and catcher processor vessels fishing in the Bering Sea, Aleutian Islands, and the Gulf of Alaska.

10. Adak Logistics, LLC is a logistics/stevedore, or longshoreman, which provides loading and unloading services for ships, assists with coordinating and transporting packages/food/parts/crew to and from ships during onloads or offloads.

11. George Lopez is, upon information and belief, the manager of Adak Logistics, LLC.

12. O'Hara contracted with Adak Logistics, LLC to provide logistical/stevedore services for O'Hara's fishing and processing fleet in and around Adak Island, Alaska.

13. Adak Logistics, LLC fulfilled its obligations on multiple occasions, in which services ranged from $460.20 to $1,567.80 depending on the quantity of items being unloaded or offloaded. See example invoices attached hereto as Exhibit A.

14. O'Hara paid all of Adak Logistics, LLC's invoices in a timely manner.

15. O'Hara also contracts with Adak Petroleum, LLC, in which Adak Petroleum, LLC provides fuel to O'Hara's fishing and processor vessels.

16. On April 23, 2018, Adak Petroleum, LLC issued an invoice to O'Hara for $86,397.45, which represented 25,043 gallons of fuel and the associated taxes and surcharges. See Exhibit B attached hereto.

17. O'Hara received Adak Petroleum's invoice on April 27, 2018. See Exhibit B attached hereto.

18. On May 4, 2018, O'Hara inadvertently, through an accounting and/or bookkeeping error, executed a check made out to Adak Logistics, LLC (rather than Adak Petroleum) for $86,397.45 (the "Check"). A copy of said Check is attached hereto as Exhibit C.

19. Upon information and belief, George Lopez received the Check on May 15, 2018.

20. Upon information and belief, George Lopez deposited the Check into his bank account on May 15, 2018, knowing full-well that he had not performed services for O'Hara.

21. O'Hara only noticed the discrepancy after receiving a "past due" notice from Adak Petroleum.

22. Adak Petroleum's past due notice prompted O'Hara to review the matter, after which O'Hara discovered the inadvertent issuance of the Check to Defendant; Defendant's failure to notify O'Hara of his receipt of the Check; and that Defendants had deposited the Check into one of his bank accounts.

23. O'Hara attempted to contact the Defendants on multiple occasions.

24. Defendants either refused to answer the phone or hung-up on O'Hara's representative and otherwise refused to communicate with O'Hara after cashing the Check.

25. Upon information and belief, Defendant went on a spending spree buying new cars,

O'Hara Corporation v. George Lopez, and Adak Logistics, LLC
Case 3:18-cv-00194-JWS   Document 1   Filed 08/30/18   Page 4 of 8

trucks, and all-terrain vehicles (ATVs).

## COUNT 1

### (Conversion)

26. Plaintiffs incorporate the allegations set forth in the paragraphs above.

27. O'Hara has a right to possession and is the rightful owner of the funds ($86,397.45) inadvertently disbursed to Defendants via the Check.

28. Because the Defendants wrongfully deposited the Check despite knowing it did not earn such revenue, said funds are now in the possession of the Defendant.

29. Plaintiff has repeatedly and without exception demanded the Defendants return the funds to Plaintiff.

30. As a result, Plaintiff has been damaged in the amount of $86,397.45, plus fees and costs associated with bringing this lawsuit,

31. The Defendants actions present an unjustifiable burden for Plaintiff, rendering punitive damages allowable.

## COUNT II

### (Trover)

32. Plaintiffs incorporate the allegations set forth in the paragraphs above.

33. O'Hara has a right to possession and is the rightful owner of the funds ($86,397.45) inadvertently disbursed to Defendants via the Check.

34. Because the Defendants wrongfully deposited the Check despite knowing it did not earn such revenue, said funds are now in the possession of the Defendant.

35. Plaintiff has repeatedly and without exception demanded the Defendants return the

O'Hara Corporation v. George Lopez, and Adak Logistics, LLC
Case 3:18-cv-00194-JWS   Document 1   Filed 08/30/18   Page 5 of 8

funds to Plaintiff.

36. As a result, Plaintiff has been damaged in the amount of $86,397.45, plus fees and costs associated with bringing this lawsuit.

37. The Defendants actions present an unjustifiable burden for Plaintiff, rendering punitive damages allowable.

## COUNT III

### (Breach of Implied Contract)

38. Plaintiffs incorporate the allegations set forth in the paragraphs above.

39. Although there is no express written document governing the conduct and obligations of the Parties to this matter, the parties entered into an implied contract.

40. O'Hara requests for Defendants' services implied a promise to pay for such services.

41. Defendants' performance of services requested by O'Hara implied an expectation of payment for such services.

42. Defendants' performance of services requested by O'Hara implied that Defendants would only collect payment for services it actually rendered.

43. Defendant's breached such contract by collecting payment, via cashing the Check made out to Adak Logistics, LLC, for services that it never rendered and, in fact, never invoiced.

## COUNT IV

### (Unjust Enrichment)

44. The Plaintiff incorporates the allegations set forth in the paragraphs above.

45. The Plaintiff wrote the Check to Adak Logistics, LLC, which bestowed a benefit upon the Defendants. The Defendant received and deposited such Check with full knowledge that it did not perform services justifying said Check.

46. Despite a bookkeeping error, the Plaintiff can and should reasonably expect to be refunded or reimbursed after paying for services that it never received.

47. The Defendants would be unjustly enriched if the Defendants were allowed to retain the funds obtained via the inadvertently executed Check.

WHEREFORE, Plaintiffs request that a judgment be entered against Defendant providing:

(A) that Defendants have breached and continue to be in breach of the Contract;

(B) for all costs detailed in and damages incurred as a result of breaching the Contract;

(C) for judgment that Defendants have committed wrongful and tortious acts;

(D) for all costs detailed in and damages incurred as a result of Defendants' tortious acts;

(E) for all costs and expenses incurred in bringing this action;

(F) for punitive damages as a result of Defendant's outrageous and malicious conduct; and

(G) for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: August 27, 2018                                   RESPECTFULLY SUBMITTED,

By: /s/ Jerald M. Reichlin

Jerald M. Reichlin
Alaska Bar Number 8411135
310 K Street Suite 200
Anchorage, Alaska 99501
reichlinlaw@gci.net


By: */s/* see attached Motion and Application

Chad A. Cloutier (*pro hac vice* pending)
Maine Bar No. 009167
chad@parkstreet.com
Cloutier & Associates, P.A.
18 Talbot Ave.
Rockland, Maine 04841
Tel: (207) 594-5001
Fax: (207) 593-0008

**Attorneys for Plaintiff**
**O'HARA CORPORATION.**